UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>PEREZ-FERNANDEZ et al.,<br><br>    *Defendants.* | Crim. No. 24-0453-29 (MAJ) |

### OPINION AND ORDER

**I.     Introduction**

Before the Court is a motion for a de novo bail hearing (the "Motion"). (**ECF No. 609**). In the Motion, Yasiel Morales-López ("Defendant") argues that the evidence proffered by the Government at the initial bail hearing was not sufficient to prove by clear and convincing evidence that his release from pre-trial detention would pose a danger to the safety of the community. The initial bail hearing was held on December 19, 2024 before Magistrate Judge Giselle López-Soler. (**ECF No. 228**). Following the hearing, Magistrate Judge López-Soler issued an Order of Detention. (**ECF No. 242**).

The Court finds that the information on the record enables it to resolve the Motion without a hearing. The Court has reviewed the Indictment, the Pre-Trial Services Report, the Order of Detention, the transcript of the initial bail hearing, the instant Motion, and the Government's opposition.[1] (**ECF Nos. 3, 155, 242, 560, 609, 652**). After

---

[1]     The Indictment charges Defendant with conspiring to possess controlled substances with intent to distribute under Count 1, possession and distribution of heroin under Count 2, possession and distribution of cocaine base under Count 3, possession and distribution of cocaine under Count 4, possession and distribution of marijuana under Count 5, possession and distribution of fentanyl under Count 6, possession of firearms in furtherance of a drug trafficking crime under Count 7, and possession of a machine gun in furtherance of a drug trafficking crime under Count 8. (**ECF No. 3 at 5–31**).

conducting a de novo review of the complete record, the Court finds no reason to disturb the Order of Detention issued by Magistrate Judge López-Soler and adopts the Order in its entirety.

## II. Analysis

"Pursuant to the Bail Reform Act of 1984, a judicial officer must determine whether a person charged with an offense shall be detained or released pending trial." *United States v. Ramos-Domínguez*, 698 F. Supp. 3d 224, 227 (D.P.R. 2023). Specifically, under 18 U.S.C. § 3142(f)(1), the Court must consider whether "any condition or combination of conditions set forth in subsection (c) of [§ 3142] will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community[.]" Because there is probable cause to believe that Defendant violated 18 U.S.C. § 924(c), (**ECF No. 3 at 29–31**), a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of Defendant or the safety of the community.

Once triggered, the presumption imposes upon a defendant the burden of producing "some evidence . . . that what is true in general is not true in the particular case before [the Court.]" *United States v. Valdivia*, 104 Fed. Appx. 753, 754 (1st Cir. 2004) (quotations and citations omitted). Even if a defendant meets that burden, the presumption "does not cease to have effect[.]" *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990). "Instead, it continues to operate as one factor to be considered by the court in determining whether the defendant must be detained." *Id*.

Ultimately, regardless of whether the presumption is rebutted or not, "[t]he government retains the burden of proving that no conditions will reasonably assure the defendant's appearance" or the safety of the community. *Id*. "The standard of proof for

detention on the grounds of dangerousness is clear and convincing evidence." *United States v. Ramos-Dominguez*, 698 F. Supp. 3d 224, 228 (D.P.R. 2023) (citing 18 U.S.C. § 3142(f)). "[T]he standard of proof for detention on the grounds of risk of flight is preponderance of the evidence." *Id.* (citing *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991)).

In order to decide if pretrial detention is warranted, the Court must weigh four relevant factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

After careful consideration of the totality of the record, the Court agrees with Magistrate Judge López-Soler that the evidence proffered by Defendant was sufficient to rebut the presumption that detention is warranted. (**ECF No. 242 at 2**). Nevertheless, after weighing the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that the evidence proffered by the Government establishes by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of the community. The nature and circumstances of the offense charged and the interest of assuring the safety of the community compels the Court to conclude that Defendant's release would pose serious dangers that cannot be mitigated by any combination of conditions of release. *See* 18 U.S.C. § 3142(g).

Defendant is charged with a violation of 18 U.S.C. § 924(c) for possessing a machine gun in furtherance of a drug trafficking crime.[2] At the initial bail hearing, the

---

[2] As explained in detail above, *supra* n. 1, Defendant also faces seven additional charges.

Government proffered numerous photographs posted to social media that apparently depict Defendant "holding and brandishing firearms with drum style magazines and extended magazines[.]" (**ECF No. 560 at 10:20–21**). In addition, the Government proffered evidence that Defendant is an "enforcer" within a drug trafficking organization. (**ECF No. 560 at 8:2–3**). Consistent with that allegation, the Government proffered evidence of an Instagram chat between Defendant and a co-conspirator in which Defendant apparently conspired to commit a murder in March of 2024. The Court notes that the evidence proffered by the Government, which is highly detailed, possesses indicia of reliability:

> . . . not only does defendant number 1 recruit Mr. Morales for the job but also agrees to get him a car to get the job done and the defendant, Mr. Morales, then responds that if he can get a good car, that that person by the nickname of Pelambre, who is the person that they're referring to, will be dead within a month. Again, that conversation is dated March 18, 2024. Later, on March 29, 2024 defendant number 1, Victor Perez Fernandez, follows up regarding that previous conversation and asked the defendant if he used gloves and the defendant responds that he did and that he cleaned the vehicle the day before.

(**ECF No. 560 at 9:16–25**). Based on these allegations, it would appear that Defendant served as an enforcer for the drug trafficking organization in question and that, pursuant to that role, he committed deadly acts of violence at the behest of his co-conspirators. Defendant does not proffer any countervailing evidence or identify any significant flaws in the evidence proffered by the Government.[3] The Court therefore finds that the evidence

---

[3] Defendant's attempts to call into question the reliability of the evidence proffered by the Government are not persuasive. As to the Instagram conversation quoted above, Defendant proposes that the evidence fails to establish that he is a danger to the community because "the alleged murder was unconfirmed, and the conversations in question were found in a co-defendant's phone rather than [Defendant's] own device." (**ECF No. 609 at 2**). As to the images that allegedly depict Defendant in possession of firearms, Defendant argues that the Government has failed "to establish that the firearms depicted were real, let alone used in criminal activity." *Id.* at 4. These are distinctions without a difference. The Government does not need to prove beyond a reasonable doubt that Defendant used the firearms depicted in the proffered photographs to commit a crime, or that Defendant actually committed a murder. Instead, the Government must prove by clear and convincing evidence that Defendant would pose a danger to the community if released. The Court finds that the information proffered by the Government at the

proffered by the Government establishes by clear and convincing evidence that the pre-trial release of Defendant would pose a danger to the community. The "history and characteristics" of Defendant do not displace these findings. *See* 18 U.S.C. § 3142(g)(3).

The Court declines to set an evidentiary hearing. "Detention proceedings may be reopened based on information that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community[.]" *United States v. Jackson*, No. 21-1097, 2021 WL 3370802, at *1 (1st Cir. Mar. 2, 2021) (citing 18 U.S.C. § 3142(f)(2)) (quotations omitted). However, where a motion for a de novo bail hearing does not proffer facts that, if true, would justify the imposition of bail, the District Court is not required to convene an evidentiary hearing. *See United States v. Rebollo-Andino,* 312 Fed. Appx. 346, 348 (1st Cir. 2009); *cf. United States v. Cidraz-Santiago*, 18 F. Supp. 3d 124, 126 (stating that the District Court may "take additional evidence or conduct a new evidentiary hearing" when "the defendant has placed relevant facts at issue."). Defendant has not proffered any relevant information that was not previously presented at the initial bail hearing. The Court therefore declines to schedule an additional bail hearing.

### III. Conclusion

Considering the totality of the circumstances, the arguments of both parties and the § 3142(g) factors, the Courts holds that Defendant shall remain detained since the

---

initial bail hearing does just that: by proffering apparently reliable information tying Defendant to recent acts of violence and indicating that he has easy access to weapons, the Government has met its burden of establishing by clear and convincing evidence that the pre-trial release of Defendant would pose a danger to the safety of the community.

Case 3:24-cr-00453-MAJ     Document 658     Filed 03/24/25     Page 6 of 6

Crim. No. 24-0453-29 (MAJ)                                                                                   Page 6

Government has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of March, 2025.

*/s/* **María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**
